### RIPS et al. v. DREIBRODT.

### No. 3167.

Court of Civil Appeals of Texas. Beaumont.

Dec. 8, 1937.

Rehearing Denied Dec. 15, 1937.

Terrell, Davis, Hall & Clemens, A. V. Knight, and Theo. F. Weiss, all of San Antonio, for appellants.

Arnold & Cozby, of San Antonio, for appellee.

O'QUINN, Justice.

Appellants sued appellee to recover for the alleged breach of an oral contract for the sale of certain oil casing, tubing, rods, engines, jacks, swings, etc., alleging damages in the sum of $2,737, and in the alternative for specific performance of the contract.

For cause of action, appellants alleged that about October 25, 1934, they entered into an oral agreement with appellee to purchase certain personal property (describing same) located on two certain tracts of land situated in Bexar county, Tex., and used in connection with some 38 oil wells located on said lands. The property alleged to have been contracted for included all equipment and personal property of every kind used in connection with said wells located on said two tracts of land, and that they were to pay for said property the sum of $3,600 cash, said property to be removed from the premises immediately, said property being such as could without damages to the real estate be removed; that production from the oil wells on the land had become so inconsiderable as that they could not longer be profitably operated; that plaintiffs were dealers in such personal property and were making the purchase of same for the purpose of selling same in their business; that they were at all times, and then were, able, willing, and ready to perform their part of the contract, but that appellee had breached his agreement to sell them said property and refused to deliver said property to them to their damage in the sum of $2,737.

Appellee answered by general demurrer, general denial, and specially that the alleged contract was for the sale of real estate, not in writing, and so in violation of the statute of frauds (Vernon's Ann.Civ.St. art. 3995). He further answered that the contract con-

templated to be by written bill of sale, but that such bill of sale was never executed, and so the contract was not consummated, and further that, because of appellants' attorney delaying the sale by questioning appellee's title to the property and demanding certain instruments (affidavits and releases), appellee declined to further proceed with the sale, and so notified appellants, wherefore the agreement to sell was abandoned; that all the negotiations for the sale of the property were conditioned upon and contemplated that the sale was to be evidenced by a contract in writing; and that no such contract was executed and so no binding contract of sale resulted.

By supplemental petition, appellants denied that the oral contract to buy had been abandoned, and specially denied that the statute of frauds had any application to the subject matter of the contract, and again alleged that the sale was of personal property only, and that the contract did not contemplate the transfer of the lease of the land on which the oil wells were situated, or of any interest therein.

The case was tried to the court without a jury and judgment was entered for appellee. Motion for a new trial was overruled, and we have the case on appeal.

At the request of appellants the court made and filed his findings of fact and conclusions of law. They are quite lengthy and we do not set them out, but refer only to those parts deemed necessary. The court found that appellee was the owner, by assignment, of two oil leases covering the two tracts of land—one of 110 acres and the other of 50 acres—in Bexar county; that each of said tracts had been developed for oil and that there were some 40 oil wells on the two tracts which had been producing oil for "a number of years"; that these wells at the time of the alleged contract between appellants and appellee produced in the aggregate approximately 130 barrels of oil per month; that the production was so small "it would not have been profitable for plaintiffs to operate them"; that appellants desired and intended to purchase the personal property belonging to appellee and connected with the oil wells, but did not desire to purchase the oil and gas leases upon which such equipment was located; that the reason they did not want the leases was that said leases had no value to them except only as to salvage of the personal property situated on the leases; that appellee was not willing to sell the personal property connected with the wells unless at the same time he sold the leases; that appellee was not willing to sell the personal property unless he at the same time sold the leases because he did not want to remain responsible to the lessors, nor to be responsible for the plugging of the wells as required by the Railroad Commission, as it was his desire to be entirely relieved of any further responsibility as to the oil wells thereon; that appellants did not agree nor authorize any one for them to agree to purchase any interest or right in or to the oil leases, but only to purchase the personal property in question; that appellee did not agree to sell only the personal property, but at all times contemplated the sale of his lease rights together with the personal property; that appellants were at all times able, willing, and ready to purchase the personal property, and that the reasonable marketable value of same over and above the cost of salvaging same and over and above the sum of $3,600 that was to be paid for same was $2,737; that no written instruments of any nature were executed by the parties to consummate the sale. As a matter of law, the court concluded (a) that no binding contract was had, for the reason that the minds of the parties never met, and (b) that the sale of the lease rights must have been evidenced by a conveyance in writing, and that, as such was not done, the contemplated oral sale was in violation of the statute of frauds, and so void and unenforceable.

As before stated, judgment was for the defendant, Dreibrodt.

Appellants present six assignments of error, all in effect challenging the finding of the court that no binding contract was made because the minds of the parties never met. As before stated, the appellants contend that they had an oral agreement with appellee to purchase for an agreed price the personal property connected with the 38 wells situated on the described leased premises, and that the purchase of the lease rights in the land was not included in the agreement; while appellee contends that the agreement was that he was selling, and appellants were buying, not only the personal property in question, but also the lease rights in the land upon which the oil wells were situated. It appears that the sale contemplated was to be consummated and evidenced by the written conveyance. No such instrument was executed.

There is much evidence in the record to support the contention of both parties. The court, after hearing all the evidence, found

that no contract was consummated because the minds of the parties never met as to the object of the contemplated sale. After careful consideration of the whole record, we think the finding should be sustained. It follows that the judgment should be affirmed, and it is so ordered.

Affirmed.